UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                          Docket # 14 CV 7260
-------------------------------------------------------X
JONLABARRON SEAY,

                          Plaintiff,                              **FIRST AMENDED**
                                                      **COMPLAINT &**
    v.                                              **JURY DEMAND**

THE CITY OF NEW YORK,
NEW YORK CITY DEPARTMENT OF CORRECTIONS
OFFICER WAHAB, Shield # 3763, Rikers Island Complex,
NEW YORK CITY DEPARTMENT OF CORRECTIONS
OFFICER NIALS, Shield # 17107, Rikers Island Complex,
NEW YORK CITY DEPARTMENT OF CORRECTIONS
CAPTAIN ALLAN, Shield # 1601, Rikers Island Complex,

                    Defendant(s).
-------------------------------------------------------X


## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, JONLABARRON SEAY, seeks redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

–1–

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff, JONLABARRON SEAY is a United States Citizens and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendants NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER WAHAB, Shield Number 3763, NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER NIALS, Shield # 17107, and NEW YORK CITY DEPARTMENT OF CORRECTIONS CAPTAIN ALLAN, Shield Number 1601, upon information and belief all assigned to THE NEW YORK CITY DEPARTMENT OF CORRECTIONS Rikers Island Complex, Eric M. Taylor Center located at 10-10 Hazen Street in East Elmhurst New York, are and at all times relevant, Officers and employees/agents of THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, a municipal agency of Defendant CITY OF NEW YORK. Defendant NEW YORK CITY DEPARTMENT OF

–2–

CORRECTION OFFICERS WAHAB, NIALS and CAPTAIN ALLAN, are sued individually and in their official capacity. At all times relevant Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICERS WAHAB, NIALS and NEW YORK CITY DEPARTMENT OF CORRECTIONS CAPTAIN ALLAN, were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY DEPARTMENT OF CORRECTIONS and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICERS WAHAB, NIALS and CAPTAIN ALLAN were acting for and on behalf of Defendant CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF CORRECTIONS at all times relevant herein with the power and authority vested in them as Corrections Officers, agents and employees of THE NEW YORK CITY DEPARTMENT OF CORRECTIONS and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of Defendant CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF CORRECTIONS.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Corrections Department which acts as its agent in the area of corrections, which includes maintaining minimum health standards for inmates and review of inmate grievances, and whose performance is evaluated by The New York City BOARD of CORRECTIONS, for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Corrections Department and the employment of Correction Officers, including the named Defendant Corrections Officers, as said risk attaches to the public consumers of the services provided by Defendant CITY OF NEW YORK

through its DEPARTMENT OF CORRECTIONS.

10. THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York and the Charter of Defendant CITY OF NEW YORK. It is authorized by law to carry out all Corrections functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a corrections department and the employment of Corrections Officers.

## STATEMENT OF FACTS

11. On March 6, 2014 at approximately 7:00 p.m. Plaintiff was an inmate at the Rikers Island Command, Eric M. Taylor Center, operated by Defendant CITY OF NEW YORK, through its DEPARTMENT OF CORRECTIONS at 16-16 Hazen Street in East Elmhurst, New York. The Plaintiff was being visited by a friend when the Plaintiff was ordered to step out of the visiting area by Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER NIALS, Shield # 17107. The Plaintiff was directed by Defendant CORRECTIONS OFFICER NIALS to go near the search area where named Defendant NEW YORK CITY CORRECTIONS OFFICER WAHAB, Shield Number 3763 asked the Plaintiff what he had in his mouth. The Plaintiff responded "candy" whereupon Defendant CORRECTIONS OFFICER WAHAB, proceeded to forcefully strike the Plaintiff on the left side of the Plaintiff's head, with Defendant OFFICER WAHABS' hand, causing the Plaintiff to fall onto the floor, and causing the candy in Plaintiff's mouth to fall out. Defendant CORRECTIONS OFFICER WAHAB then ordered the Plaintiff to report to the search area where DEFENDANT NEW YORK CITY CORRECTIONS OFFICER NIALS proceeded to conduct a strip search of the Plaintiff. The Plaintiff was then escorted back to his housing area, during which time

the Plaintiff reported the actions of Defendant CORRECTIONS OFFICER WAHAB to New York City Corrections Officer Perez (female) and three or four other NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICERS, all of whom laughed at the Plaintiff, with one stating in sum and substance that Defendant CORRECTIONS OFFICER WAHAB "doesn't get any points for that." Once in his housing area, the Plaintiff reported the actions of Defendant CORRECTIONS OFFICER WAHAB to New York City Corrections Officer John (female) who called NEW YORK CITY DEPARTMENT OF CORRECTIONS CAPTAIN GUTTMAN. The Plaintiff informed Captain Guttman of the actions of Defendant CORRECTIONS OFFICER WAHAB. Captain Guttman then proceeded to take the Plaintiff to speak with named Defendant NEW YORK CITY CORRECTIONS CAPTAIN ALLAN, Shield Number 1601. Plaintiff proceeded to inform Defendant CAPTAIN ALLAN of the conduct of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER WAHAB. Defendant CORRECTIONS CAPTAIN ALLAN stated to the Plaintiff in sum and substance "Wahab is a pretty big guy, if he hit you something would be wrong with you", to which Plaintiff stated that he "could not hear out of his left ear". Defendant CAPTAIN ALLAN then stated to the Plaintiff in sum and substance: "If you take it to medical you may get arrested on your release date." Despite this statement by named Defendant NEW YORKCITY DEPARTMENT OF CORRECTIONS CAPTAIN ALLAN, THE Plaintiff requested that NEW YORK CITY DEPARTMENT OF CORRECTIONS CAPTAIN GUTTMAN escort Plaintiff to the medical ward. As a result of being struck by Defendant NEW YORK CITY CORRECTIONS OFFICER WAHAB, the Plaintiff was diagnosed with bleeding from the left ear, abrasions to the left ear drum, the permanent loss of fifty percent of the hearing in Plaintiff's left ear, necessitating a hearing aid for Plaintiff's left ear. Plaintiff also suffered extreme headaches as a result of being struck by Defendant

CORRECTIONS OFFICER WAHAB.  As a result of receiving medical treatment for his injuries Plaintiff was unlawfully and without cause, written up for a disciplinary "ticket" on March 8, 2014 without lawful reason or cause or basis in fact, pursuant to the Plaintiff as per the earlier threat made by Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS CAPTAIN ALLAN.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution, Excessive Force**

12. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13.   Upon information and belief, the conduct of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER WAHAB, acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully and excessively using force upon the Plaintiff, without lawful reason or cause.

14. That the actions of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER WAHAB occurred in and during the course and scope of his duties and functions as a New York City Corrections Officer, and while acting as an agent and employee of THE NEW YORK CITY DEPARTMENT OF CORRECTIONS and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of rights secured by section 42 U. S.C. 1983 and the Fourteenth Amendment to the United States Constitution, unlawful strip search**

15.   Plaintiff incorporates by reference the allegations set forth in paragraphs One (1)

through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, the conduct of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER NIALS, Shield Number 17107 acting under color of State Law violated section 42 U.S.C. 1983 by unlawfully and intentionally subjecting Plaintiff to a strip search without lawful reason or cause.

17. That the actions of Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER NIALS occurred in and during the scope of his duties and functions as a New York City Corrections Officer, and while acting as agent and employee of THE NEW YORK CITY DEPARTMENT OF CORRECTIONS and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.


## THIRD FEDERAL CLAIM

### Violation of the rights secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution- Procedural Due Process

18. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Plaintiff was falsely threatened with arrest by Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS CAPTAIN ALLAN, Shield Number 1601, and as a result of such threat, was prevented from immediately obtaining medical treatment, and was punished by THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, receiving more punitive treatment by the NEW YORK CITY DEPARTMENT OF CORRECTIONS and Defendant CITY OF NEW YORK.

20. As a consequence of Defendant NEW YORK CITY DEPARTMENT OF

CORRECTIONS CAPTAIN ALLAN, Plaintiff has continued to suffer great fear and mental and emotional distress, and fear of repetition of such unlawful conduct by members of THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, including named Defendant Corrections Officers.

## FIRST STATE LAW CLAIM

21. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty (20 as if fully set forth herein.

22. That the actions of Defendant NEW YORK CITY CORRECTIONS OFFICER WAHAB constituted an intentional assault and unlawful touching of the Plaintiff without lawful reason or cause, resulting in the aforementioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

23. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24. That the actions of Defendant CITY OF NEW YORK, through its DEPARTMENT OF CORRECTIONS, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER WAHAB resulted in physical injury to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

25. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening,  supervising and/or instructing Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER WAHAB resulted in physical injury to the Plaintiff, and causing the

aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CLAIM

27. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28.    That the actions of Defendants NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICERS WAHAB,  NIALS and CAPTAIN ALLAN intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment.

## FIFTH STATE LAW CLAIM

29. Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That Defendant CITY OF NEW YORK is liable for the actions of Defendant New York City Department of Corrections Officers WAHAB, NILES and ALLAN through the doctrine of Respondeat Superior, resulting in the aforementioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demand the following relief jointly and severably against all Defendants:

    1.  Compensatory Damages for Plaintiff.

    2.  Punitive Damages against Defendants, NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICERS WAHAB and CAPTAIN ALLAN.

    3.  A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

    4.  Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: January 25, 2016

                                                                    

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com